7:25-cv-8028-NSR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM PAYNE III,

Plaintiff,

- against -

THE CITY OF NEW YORK,

Defendant.

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Madeleine A. Knutson*
*Tel:(212) 356-2445*
*Matter No. 2025-070040*

**Served on June 2, 2026**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................... **ERROR! BOOKMARK NOT DEFINED.**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT

POINT I

PLAINTIFF ABANDONED HIS SECTION 1983, SHRL, AND CHRL CLAIMS ................................................................. 2

POINT II

PLAINTIFF'S FMLA AND FLSA CLAIMS ARE CLEARLY BARRED BY COLLATERAL ESTOPPEL AND RES JUDICATA......................................................... 2

POINT III

PLAINTIFF OTHERWISE FAILS TO STATE A CLAIM FOR FLSA RETALIATION ...................................................... 6

POINT IV

PLAINTIFF OTHERWISE FAILS TO STATE A RETALIATION CLAIM UNDER THE FMLA ....................................... 7

POINT V

PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND FURTHER ............................................................ 8

CONCLUSION.................................................................................................................. 9

CERTIFICATE OF COMPLIANCE ............................................................................... 10

# TABLE OF AUTHORITIES

**Cases** **Pages**

Achille v. Chestnut Ridge Transp., Inc.,
584 Fed. Appx. 20 (2d Cir. 2014)....7

Ashcroft v. Iqbal,
556 U.S. 662 (2009)....6

Baines v. Nature's Bounty (NY), Inc.,
2023 U.S. App. LEXIS 32630 (2d Cir. 2023)....8

Cuoco v. Moritsugu,
222 F.3d 99 (2d Cir. 2000)....9

Feaser v. City of New York,
1995 U.S. Dist. LEXIS 7871 (S.D.N.Y. June 6, 1995)....6

Federated Dep't Stores v. Moitie,
452 U.S. 394 (1981)....5

Harding v. New York,
724 F. Supp. 1129 (S.D.N.Y. 1989)....6

In re Howe,
913 F.2d 1138 (5th Cir. 1990)....5

Jones-Khan v. Westbury Bd. of Educ.,
2022 U.S. Dist. LEXIS 17173 (E.D.N.Y. Jan. 31, 2022)....4

Marcotte v. City of Rochester,
677 Fed. Appx. 723 (2d Cir. 2017)....6

Powell v. Ocwen Loan Servicing, LLC,
840 Fed. Appx. 610 (2d Cir. 2020).... 8-9

Ranasinghe v. Kennell,
2017 U.S. Dist. LEXIS 10512 (S.D.N.Y. Jan. 24, 2017)....5

Rodriguez v. N.Y. State Dept of Parole,
2019 U.S. Dist. LEXIS 219049 (S.D.N.Y. Dec. 20, 2019)....9

Ross v. Port Chester Hous. Auth.,
2019 U.S. Dist. LEXIS 168768 (S.D.N.Y. Sept. 27, 2019)....2

Sure-Snap Corp. v. State Street Bank & Trust Co.,
948 F.2d 869 (2d Cir. 1991)....5

**Cases** **Pages**

Taylor v. City of New York Admin. for Children Servs.,
2021 U.S. Dist. LEXIS 60978
(S.D.N.Y. Mar. 30, 2021) ....................................................................................5

Weir v. Montefiore Med. Ctr.,
2023 U.S. Dist. LEXIS 157038 (S.D.N.Y. Sept. 6, 2023)....................................................5

Wilkov v. Ameriprise Fin. Servs., Inc.,
753 F. App'x 44 (2d Cir. 2018)........................................................................................2

**Statutes**

29 U.S.C. § 215(a)(3)......................................................................................................6

42 U.S.C. § 1983.........................................................................................................1, 2

29 USCS § 207(k)...........................................................................................................6

## PRELIMINARY STATEMENT

Plaintiff's opposition[1] to Defendant's motion to dismiss does nothing to rescue his two remaining claims from dismissal. As Defendant stated in its moving papers, Plaintiff brought this action alleging violations of 42 U.S.C. § 1983, *et seq.* ("Section 1983"), the New York State Human Rights Law, New York Executive Law § 290, *et seq*. ("SHRL"), the New York City Human Rights Law, New York City Administrative Code § 8-101, *et seq*. ("CHRL"), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and Defendant moved to dismiss all claims on the grounds that they were barred by collateral estoppel and res judicata and otherwise failed to state a claim. Plaintiff's opposition affirmatively states that he does not oppose the City's application to dismiss Plaintiff's claims under Section 1983, the NYSHRL, and the NYCHRL. Accordingly, those claims are abandoned and should be dismissed on that basis alone.

Despite Plaintiff's protestations to the contrary, his remaining FMLA and FLSA retaliation claims are also barred by the Article 78 Decision, and, in any event, otherwise fail to state a claim. Accordingly, as discussed below and in Defendant's initial moving papers, Plaintiff's Amended Complaint should be dismissed in its entirety.

---

[1] On May 7, 2026, in accordance with the Court's Order dated March 27, 2026, ECF Dkt. No. 20, Plaintiff served upon Defendant's counsel: (1) Declaration of Tanvir H. Rahman ("Declaration" or "Decl."); (2) Plaintiff William Payne's Memorandum of Law in Opposition to Defendant City of New York's Motion to Dismiss Plaintiff's Amended Complaint ("Opposition" or "Pl's Opp."); (3) Exhibit 1, the Petition filed in William Payne III v. NYC Fire Dept. et al., 150490/2024, NYSCEF Dkt. 1, filed January 18, 2024 ("Article 78 Petition" or "Pet."); and (4) Exhibit 2, the "Decision + Order on Motion" in William Payne III v. NYC Fire Dept. at al., 150490/2024, NYSCEF Dkt. 31, dated January 9, 2026 ("Decision").

## ARGUMENT

### POINT I

### PLAINTIFF ABANDONED HIS SECTION 1983, SHRL, AND CHRL CLAIMS

Plaintiff's Opposition explicitly states that "[i]n light of the decision of the Article 78 court, Plaintiff will not oppose the City's application to dismiss Plaintiff's race discrimination and retaliation claims under § 1983, NYSHRL, and NYCHRL, i.e., the first, second, fourth, fifth, sixth, and seventh causes of action." Pl's Opp. at 8, fn. 1.

"It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." Ross v. Port Chester Hous. Auth., 2019 U.S. Dist. LEXIS 168768, *19 (S.D.N.Y. Sept. 27, 2019) (citing Wilkov v. Ameriprise Fin. Servs., Inc., 753 F. App'x 44 (2d Cir. 2018)). Thus, Plaintiff has abandoned his claims under Section 1983, the SHRL, and the CHRL, and his only remaining claims are the Third Cause of Action for "Retaliation in Violation of the FLSA" and Eighth Cause of Action for "Retaliation in Violation of the FMLA." See Am. Compl. at 19, 22.

### POINT II

### PLAINTIFF'S FMLA AND FLSA CLAIMS ARE CLEARLY BARRED BY COLLATERAL ESTOPPEL AND RES JUDICATA

In his Opposition, Plaintiff argues that his FMLA retaliation claim is not precluded by the Article 78 Decision because "there is no identity of issue" insofar as the claim "was not presented in his Article 78 petition and was not decided by the Article 78 court." Pl's Opp. at 9. Plaintiff further contends that "the Article 78 court made no findings about why Plaintiff's probation was extended," and instead "addressed the distinct question of whether FDNY had a rational good-faith basis to terminate Plaintiff based on alleged insubordination." Id. at 10.

Plaintiff's argument ignores both the allegations in his Article 78 Petition and the findings of the state court. The extension of Plaintiff's probation is an integral part of the allegations in Plaintiff's Article 78 Petition and that issue was addressed by the state court in its Decision. Plaintiff mentions the extension of his probation no fewer than seven times in the Article 78 Petition, directly framing it as a result of alleged racial discrimination. See Petition at ¶ 21a ("White, non black probation officers made worse mistakes but were forgiven and were not terminated, nor was their probation extended."); see also id. ¶ 23a ("…so I would not voluntarily agree to extend probation upon 'false accusations and lies.'"); id. ¶¶ 6, 8.f. In the Petition, Plaintiff includes the extension of his probation among the employment actions he claims were motivated by discrimination and retaliation. That issue was decided by the Court when it found that his claims of racial discrimination were "unsubstantiated by the record" and finding that "the record is replete with evidence of the petitioner's insubordination and failure to follow direct orders from his commanding officer," which predated the proposed extension of his probation. Decision at 2-3. The Court even frames Plaintiff's termination as a "consequence" of Plaintiff refusing an extension of his probation. See Decision at 2 ("The petitioner also refused an extension of his civil service probation. Consequently, the Fire Commissioner accepted a recommendation for termination…").

Further, Plaintiff's assertion that his "FMLA retaliation claim was not presented in his Article 78 petition" is misleading. While the Petition itself may not mention the FMLA statute, the record in the Article 78 proceeding, upon which the Court based its Decision, *did include* the allegation that Plaintiff was retaliated against for exercising his rights under the FMLA. See "EEO Memorandum" at 2, appended to the Knutson Declaration as Exh. 8 ("Payne alleged that he had been subjected to retaliation for having exercised his rights under the Family and Medical Leave Act."). This allegation was considered by the Court in its review of the record, and duly rejected.

Thus, Plaintiff's attempt to characterize the state court's prior adjudication of Plaintiff's previously pled theories about the extension of his probation in his Article 78 Petition as mere "overlapping facts" and not identical issues should be rejected. These issues were fully and fairly litigated in a prior proceeding and Plaintiff is collaterally estopped from relitigating them now. See Jones-Khan v. Westbury Bd. of Educ., 2022 U.S. Dist. LEXIS 17173, *19 (E.D.N.Y. Jan. 31, 2022) ("Simply put, Plaintiff is not entitled to relitigate issues concerning her employment and termination in a second lawsuit. Since Plaintiff has already fully litigated the discrimination, wrongful termination, and retaliation issues - - and lost - -, she may not raise them again simply by narrowing her theory and adding individual defendants. Accordingly, collateral estoppel also precludes re-litigation of these issues, even against newly-added defendants."). Having already litigated and lost that issue, Plaintiff is barred from relitigating it here under the guise of an FMLA retaliation claim.

Plaintiff's arguments concerning his FLSA retaliation claim fare no better. Plaintiff again admits a factual overlap, acknowledging that his Article 78 Petition "referenced unpaid overtime and the requirement that he report to work hours early without pay," but arguing that this "mere factual reference" does not constitute "an issue actually and necessarily decided by the Article 78 court." Pl's Opp. at 10. Here again, Plaintiff understates this supposed "mere factual overlap," which is instead a major aspect of Plaintiff's theory of his allegedly discriminatory disparate treatment and eventual termination, which was previously adjudicated. Plaintiff's Article 78 Petition includes a section entitled "UNPAID OVERTIME, DEMANDS THAT I COME 2 to 3 HOURS EARLY WITHOUT PAY," in which Plaintiff alleges that he stated that "slavery has ended" and stated "that I wished to be paid for time that I was present and working at the firehouse" and that "[u]pon hearing these words from me the entire firehouse white supervisors and

firefighters changed how they treated me, in discrimination and retaliation commenced." Petition at 8, ¶¶ 18-19. As such, Plaintiff's FLSA retaliation claim is also precluded by collateral estoppel. See Taylor v. City of New York Admin. for Children Servs., 2021 U.S. Dist. LEXIS 60978, *11 (S.D.N.Y. Mar. 30, 2021) (dismissing plaintiff's federal action when the Court in his prior Article 78 proceeding "found that the termination was neither arbitrary nor capricious" and noting that "the latter determination necessarily constitutes a determination that the termination was not the product of retaliation.").

Plaintiff's arguments against the application of res judicata are also unavailing. In his Opposition, Plaintiff admits that "res judicata generally bars claims that were or could have been raised in a prior action," but argues that it does not apply because Plaintiff could not "have obtained the full statutory relief he seeks here in that prior Article 78 proceeding." Pl's Opp. at 12. However, "a party may not avoid the preclusive affect of res judicata by asserting a new theory or a different remedy." See Sure-Snap Corp. v. State Street Bank & Trust Co., 948 F.2d 869, 875 (2d Cir. 1991) (quoting In re Howe, 913 F.2d 1138 (5th Cir. 1990) (cleaned up). Indeed, a mere "repackaging" of claims presented "in the guise of new legal theories is immaterial, as *res judicata* precludes not only those claims that were raised in the prior action, but also those involving the same transaction or connected series of transactions that could have been raised in that action." See Ranasinghe v. Kennell, 2017 U.S. Dist. LEXIS 10512, *13 (S.D.N.Y. Jan. 24, 2017) (quoting Federated Dep't Stores v. Moitie, 452 U.S. 394 (1981) (internal quotations omitted). "Both [res judicata and collateral estoppel] draw from the same underlying logic — that permitting the open-ended relitigation of claims and issues in serial lawsuits risks unfairness to the parties, inconsistent judgments, and wasteful expenditure of judicial resources." Weir v. Montefiore Med. Ctr., 2023 U.S. Dist. LEXIS 157038, *6 (S.D.N.Y. Sept. 6, 2023).

Based on the foregoing, Plaintiff's remaining claims are barred by collateral estoppel and res judicata, and should be dismissed, with prejudice.

**POINT III**

**PLAINTIFF OTHERWISE FAILS TO STATE A CLAIM FOR FLSA RETALIATION**

Plaintiff otherwise fails to state a claim under the FLSA because he does not plausibly allege the requisite causation between his complaints of unpaid wages and the FDNY's employment actions.[2] See 29 U.S.C. § 215(a)(3). In fact, Plaintiff's allegations that he was terminated because of his complaints of unpaid wages are inherently *implausible*, considering the ample evidence of the legitimate reasons the FDNY took various employment actions concerning Plaintiff. Implausible allegations are insufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 696 (2009).

---

[2] Plaintiff also fails to sufficiently establish that his complaints of "unpaid wages" constitute an invocation of his rights under FLSA. To prove an anti-retaliation claim under the FLSA without proving an actual violation of the FLSA, a plaintiff must show that that "a reasonable employer" could find that his complaint would fall under the scope of the FLSA's protection. See Marcotte v. City of Rochester, 677 Fed. Appx. 723, 726 (2d Cir. 2017) (internal citations omitted). Firefighters fall under a partial exemption to the FLSA and are not statutorily entitled to overtime at the same threshold as employees who are not law enforcement or fire protection personnel. See 29 USCS § 207(k); see also Feaser v. City of New York, 1995 U.S. Dist. LEXIS 7871, *8 (S.D.N.Y. June 6, 1995) ("Thus, 207(k) provides a partial exemption for public agency employers of law enforcement and fire protection personnel by upping the threshold at which overtime compensation entitlement begins.") (internal quotations omitted); id. at *9 ("Thus, for personnel who have a work period of 7 days, no overtime compensation is required until the number of hours worked exceeds 53 hours for fire protection personnel or 42.75 hours for law enforcement personnel."). Given this higher threshold for FLSA overtime entitlement, Plaintiff's complaints about working "unpaid hours" before his shift could be perceived by a "reasonable employer" to not fall under the scope of FLSA's protection. To the extent the alleged "unpaid hours" of which Plaintiff complains consist of a contractual grievance under the applicable collective bargaining agreement, he is barred from asserting them here due to his failure to exhaust administrative remedies. See Harding v. New York, 724 F. Supp. 1129, 1131 (S.D.N.Y. 1989) ("It is well settled that an employee may not bring suit against his employer for wages arising from a collective bargaining agreement until he has first exhausted any grievance and dispute resolution procedures set forth in the agreement.").

In his Opposition, Plaintiff argues that the fact that Plaintiff's command discipline predates his June 8, 2023, complaint does not defeat causation because that "isolated, unpunished command discipline was not a progressive path to termination and does not defeat the plausible inference that Defendant later terminated Plaintiff because of his FLSA-protected complaint." Pl's Opp. at 15. This is unconvincing because Plaintiff's own allegations frame his discipline concerning the mutuals policy as part of a progression of allegedly discriminatory events culminating in his termination. See Am. Compl. ¶ 65 ("In fact, Mr. Payne was aware that non-Black firefighters were permitted to make schedule changes without facing discipline…"); see also Pl's Opp. at 5 ("The FDNY failed to meaningfully investigate Plaintiff's discrimination, hazing, and unpaid work complaints [citation omitted]. Instead, the FDNY began to build a false performance narrative against Plaintiff.").

Plaintiff fails to provide an iota of factual support for his claim that he was terminated as a result of complaining about alleged wage and hour violations, and consequently, Plaintiff's FLSA retaliation claim must be dismissed.

## POINT IV

## PLAINTIFF OTHERWISE FAILS TO STATE A RETALIATION CLAIM UNDER THE FMLA

Notwithstanding that Plaintiff's FMLA claims are barred by claim preclusion and res judicata, and inherently implausible given the extensive record supporting the legitimate reasons for the FDNY's employment actions, Plaintiff's vague and conclusory statements are insufficient to establish that any adverse employment actions occurred under circumstances giving rise to an inference of retaliatory intent. See Def's Mot. to Dismiss at 19-20; Achille v. Chestnut Ridge Transp., Inc., 584 Fed. Appx. 20, 22 (2d Cir. 2014). In his Opposition, Plaintiff asserts that his "allegations are not vague or conclusory, as Defendant asserts" because "[t]hey identify who

discouraged Plaintiff's leave, what was said, when the leave was sought and how Defendant treated his approved FMLA as something that remained subject to approval, suggesting animus." Pl's Opp. at 17. This is insufficient because none of these allegations, even if true, connect Plaintiff's request for FMLA leave to the employment actions of which he complains, namely the extension of his probation and termination, which warrants dismissal.

## POINT V

## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND FURTHER

In the conclusion to his Opposition, Plaintiff asks that the Court deny Defendant's motion to dismiss "or, if applicable, permit Plaintiff to further amend his Complaint to address any remaining pleading deficiencies." Pl's Opp. at 20. Notably, Plaintiff makes no mention of what allegations he would add or how he could cure the deficiencies of his Amended Complaint. Indeed, he could not, because it is clear that Plaintiff's allegations of discrimination, retaliation, and hostile work environment, concerning his probationary employment with the FDNY *cannot* state a claim under any statute because these issues have already been adjudicated on the merits in an Article 78 proceeding.

Plaintiff should not be granted leave to amend his complaint a second time after he has already amended once with the benefit of seeing the arguments in Defendant's pre-motion letter and fails to articulate how further amendment could cure the deficiencies of the pleading. See Baines v. Nature's Bounty (NY), Inc., 2023 U.S. App. LEXIS 32630, *8 (2d Cir. 2023) (finding no abuse of discretion where the district court denied leave to amend after plaintiffs "already amended their complaint once in the face of a pre-motion letter from Defendants" and "then requested leave to amend again in a single, boilerplate sentence without specifying what allegations they could add or how amendment would cure any deficiencies."); see also Powell v.

Ocwen Loan Servicing, LLC, 840 Fed. Appx. 610, 614 (2d Cir. 2020) (affirming denial of leave to amend where plaintiffs "sought leave to amend only in the final sentence of their opposition to the motion to dismiss and at no point offered any new factual allegations that they would make if granted leave to amend."). Additionally, allowing Plaintiff to replead claims barred by collateral estoppel would be futile. See Rodriguez v. N.Y. State Dept of Parole, 2019 U.S. Dist. LEXIS 219049, *49 (S.D.N.Y. Dec. 20, 2019). The problem with Plaintiff's causes of action is substantive and cannot be cured by better pleading. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). As such, Plaintiff's request to amend further should be denied.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court dismiss the Amended Complaint, with prejudice, and grant any such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 2, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 2-142
New York, New York 10007
(212) 356-2445

By: /s/ Madeleine A. Knutson
Madeleine A. Knutson, Esq.
Assistant Corporation Counsel

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed memorandum of law contains approximately 2,791 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated: New York, New York
June 2, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 2-142
New York, New York 10007
(212) 356-2445

By: /s/ Madeleine A. Knutson
Madeleine A. Knutson, Esq.
Assistant Corporation Counsel