USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM PAYNE III,<br><br>Plaintiff,<br><br>–against–<br><br>THE CITY OF NEW YORK,<br><br>Defendant. | 7:25-cv-8028 (NSR)<br><br>**OPINION & ORDER** |

NELSON S. ROMÁN, United States District Judge:

Plaintiff William Payne III ("Plaintiff") brings this action alleging violations of 42 U.S.C. § 1983, *et seq*. ("Section 1983"), the New York State Human Rights Law, New York Executive Law § 290, *et seq*. ("SHRL"), the New York City Human Rights Law, New York Administrative Code § 8-101, *et seq*. ("CHRL"), the Fair Labor Standards Act of 1938, 29 U.S.C. § 2601, *et seq*. ("FLSA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

Before the Court is Defendant City of New York's ("Defendant") motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims are barred by res judicata and collateral estoppel and otherwise fail to state a claim. (ECF No. 22.) For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint ("Am. Compl.") and are accepted as true for purposes of resolving the instant motion. Plaintiff William Payne III ("Plaintiff") was employed as a probationary firefighter with the New York City Fire Department

("FDNY") from March 28, 2022, until his termination on September 26, 2023. (Am. Compl. ¶¶ 15, 78.) Plaintiff alleges that, during his employment, he was subjected to discriminatory treatment and retaliation after complaining about uncompensated working hours and exercising his rights under the Family and Medical Leave Act ("FMLA"). (*Id.* ¶¶ 14, 16.) Plaintiff further alleges that the FDNY subjected him to disciplinary actions, sought to extend his probationary period, and ultimately terminated his employment.

## I. Factual Background

During his employment at the FDNY Academy, Plaintiff alleges that he and other probationary firefighters were required to report for training at 5:30 a.m., although their scheduled training did not begin until 7:00 a.m., and were frequently required to remain after their scheduled training ended. (Am. Compl. ¶ 18.) Upon his assignment to Ladder Company 24, Plaintiff alleges that probationary firefighters were regularly required to report to the firehouse approximately two hours before their scheduled shifts without compensation. (*Id.* ¶¶ 19–20.)

Plaintiff further alleges that he was subjected to disparate treatment concerning work assignments and shift exchanges. In particular, Plaintiff alleges that he was denied opportunities to exchange shifts with other firefighters and was subjected to disciplinary proceedings after participating in a shift exchange that his commanding officer had prohibited. (*Id.* ¶¶ 32–45.)

On May 10, 2023, Plaintiff informed Captain Kevin Condon that he intended to take FMLA leave to care for his daughter, who suffered from a blood disorder. (*Id.* ¶ 47.) Plaintiff subsequently received approval for intermittent FMLA leave. Plaintiff alleges, however, that his supervisors discouraged him from exercising his leave rights and questioned his requests for time off despite the approval.

On or about June 8, 2023, Plaintiff complained to an FDNY Equal Employment Opportunity ("EEO") attorney regarding alleged discriminatory treatment, harassment, and unpaid working hours. (*Id.* ¶ 51.) Plaintiff subsequently initiated a formal grievance process and continued raising concerns about the treatment he experienced at the FDNY. (*Id.* ¶¶ 52–57.)

On July 3, 2023, Plaintiff received a memorandum dated June 16, 2023, requesting a six-month extension of his probationary employment, from September 28, 2023, through March 27, 2024. (*Id.* ¶ 58.) Plaintiff alleges that the only explanation provided for the proposed extension was his use of "sick time," despite having taken no ordinary sick leave and instead having exercised his rights under the FMLA. (*Id.* ¶ 59.) Plaintiff was asked to consent to the extension but refused. (*Id.* ¶ 60.) Plaintiff alleges that he was subsequently subjected to additional adverse treatment and was ultimately terminated on September 26, 2023. (*Id.* ¶ 78.)

## II. Procedural History

Following his termination, Plaintiff commenced an Article 78 proceeding in New York Supreme Court, New York County, challenging the FDNY's decision to terminate his probationary employment. Plaintiff alleged that his termination resulted from racial discrimination, a hostile work environment, and retaliation for filing EEO complaints.

On January 9, 2026, Justice Nicholas W. Moyne dismissed Plaintiff's Article 78 petition, finding that the FDNY had established a rational, good-faith basis for Plaintiff's termination based on his insubordination and failure to follow direct orders. The state court further determined that Plaintiff had failed to establish a causal connection between his termination and his EEO complaints.

In the present action, Plaintiff asserts claims arising from his employment with the FDNY, including retaliation under the Fair Labor Standards Act ("FLSA") and FMLA, as well as claims under 42 U.S.C. § 1983, the New York State Human Rights Law, and the New York City Human Rights Law. Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claims are barred by res judicata and collateral estoppel and otherwise fail to state a claim. In his opposition, Plaintiff does not oppose dismissal of his Section 1983, NYSHRL, and NYCHRL claims.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether

the Plaintiff has pleaded sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Court first addresses Plaintiff's failure to oppose dismissal of his claims under Section 1983, the NYSHRL, and the NYCHRL. The Court next considers whether Plaintiff's remaining FMLA and FLSA retaliation claims are barred by res judicata in light of the prior Article 78 proceeding. Finally, the Court addresses whether Plaintiff has plausibly stated claims for retaliation under the FMLA and FLSA, respectively.

### I. Unopposed Dismissal of Certain Claims

"It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." *Ross v. Port Chester Hous. Auth.*, 2019 U.S. Dist. WL 4738941, *7 (S.D.N.Y. Sept. 27, 2019) (citing *Wilkov v. Ameriprise Fin. Servs., Inc.*, 753 F. App'x 44 (2d Cir. 2018)). Plaintiff's opposition affirmatively states that he does not oppose the City's application to dismiss Plaintiff's claims under Section 1983, the NYSHRL, and the NYCHRL. Pl's Opp. at 8, fn.1.

Accordingly, Plaintiff has abandoned his claims under Section 1983, the SHRL, and the CHRL. The claims are deemed dismissed.

## II. Res Judicata

The doctrine of res judicata, or claim preclusion, bars relitigating if: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. N.Y.C. Dep't of Corr*., 214 F.3d 275, 285 (2d Cir. 2000). "Whether a judgment in a prior action will have preclusive effect depends in part on whether the same transaction or a series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Brodsky v. N.Y.C. Campaign Fin. Bd*., 796 F. App'x 1, 3-4 (2d Cir. 2019) (internal citations omitted).

However, a judgment in a traditional Article 78 proceeding generally does not bar a subsequent action seeking damages that were unavailable in the prior proceeding. *Whitfield v. City of New York*, 96 F.4th 504 (2d Cir. 2024). In *Whitfield*, the Second Circuit explained that an Article 78 proceeding has broader claim-preclusive effect only where (1) the petitioner sought relief unavailable under Article 78 and (2) the state court affirmatively treated the proceeding as a hybrid Article 78 proceeding and plenary action. *Id*. The mere fact that a petitioner requested damages beyond those available under Article 78 does not establish that the proceeding was hybrid. Rather, the state court must have taken affirmative action demonstrating that it adjudicated the proceeding as such. *Id*.

Here, Plaintiff's prior proceeding was a traditional Article 78 proceeding challenging the FDNY's decision to terminate his probationary employment. Justice Moyne reviewed the FDNY's determination, concluded that it was supported by a rational, good-faith basis, and dismissed the petition. Nothing in the decision indicates that the state court converted the proceeding into a

hybrid action or adjudicated claims for plenary damages. Accordingly, the prior proceeding did not afford Plaintiff the opportunity to obtain the full statutory damages available under the FMLA and FLSA.

Since the Article 78 proceeding was not adjudicated as a hybrid proceeding, the resulting judgment does not bar Plaintiff's subsequent claims for statutory damages under the FMLA and FLSA. Accordingly, Defendant's motion to dismiss these claims on res judicata grounds is denied.

## III. FMLA Retaliation

### a. Collateral Estoppel

The doctrine of collateral estoppel prevents a party from re-litigating an issue when said issue was previously litigated and decided against said party. *David v. Biondo*, 92 N.Y.2d 318 (1998); *Ryan v. New York Telephone Company*, 62 N.Y.2d 494 (1984); *Zimmerman v. Tower Insurance Company of New York*, 13 AD3d 137 (1st Dept.2004). In order to invoke the doctrine of collateral estoppel it must be demonstrated that the issue being raised was identical to an issue previously litigated and decided, that the issue is decisive in the present action, and the party against whom the doctrine is being asserted had full and fair opportunity to contest and litigate the issue in the prior action. *Id.*; *Browning Ave. Realty Corp., v. Rubin*, 207 A.D.2d 263 (1st Dept.1994); *Color by Pergament, Inc., v. O'Henry's Film Works, Inc.*, 278 A.D.2d 92 (1st Dept.2000). The doctrine of collateral estoppel also serves to preclude a party from litigating issues previously resolved against it when raised against new parties not part of the prior action where said issue was litigated and resolved. *Corto v. Lefrak*, 203 A.D.2d 94 (1st Dept.1994).

The proponent of collateral estoppel has the burden of demonstrating the identity of issues the present and prior actions and the party opposing the applicability of collateral estoppel has the

burden of establishing absence of an opportunity to litigate the issue in a prior action. *Kaufman v. Eli Lilly and Company*, 65 N.Y.2d 449 (1985).

Here, the Article 78 court determined that (1) the FDNY had a legitimate, good-faith basis for terminating Plaintiff based on his insubordination; (2) Plaintiff's racial discrimination allegations were unsupported by the record; and (3) Plaintiff failed to establish retaliation for his EEO complaints because the disciplinary process began before those complaints were filed. (Article 78 Decision at 2-3).

However, Plaintiff's FMLA retaliation claim concerns the FDNY's alleged extension of his probationary period after he requested and took protected FMLA leave. Although Justice Moyne acknowledged that Plaintiff refused an extension of his probation, the court did not determine whether the FDNY proposed the extension because Plaintiff exercised his FMLA rights, whether his FMLA leave influenced the decision to extend his probation, or whether the proposed extension itself constituted unlawful retaliation. (*Id*. at 2).

Defendant argues that the probationary extension was raised in Plaintiff's Article 78 petition and that an EEO memorandum in the record referenced FMLA retaliation. (Reply at 3-4). However, the mere inclusion of an allegation in the prior record does not establish that the issue was actually and necessarily decided. *See Vargas v. City of New York*, 377 F.3d 200, 206 (2d Cir. 2004). Moreover, the fact that the proceedings involve overlapping employment actions does not establish identity of issues where the retaliation claims concern different protected activities. *See Ji Sun Jennifer Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 A.D.3d 18, 23-24 (1st Dep't 2014) (holding that retaliation claims based on different protected activities were not precluded despite arising from the same termination).

Accordingly, although the Article 78 court determined that the FDNY had a legitimate basis for terminating Plaintiff, it did not decide whether the proposed probationary extension was motivated by his exercise of FMLA rights. Because that issue was not actually and necessarily decided in the prior proceeding, collateral estoppel does not bar Plaintiff's FMLA retaliation claim.

**b. Failure to State a Claim**

The FMLA prohibits employers from retaliating against employees for exercising rights protected under the statute. 29 U.S.C. § 2615(a)(1). To establish a prima facie case of FMLA retaliation, a plaintiff must demonstrate that "(1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004). At the pleading stage, a plaintiff need not establish a prima facie case but must allege sufficient facts to support a plausible inference that the employer retaliated against him for exercising FMLA rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An adverse employment action in the FMLA retaliation context is one that would likely dissuade a reasonable employee from exercising his legal rights. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011). To establish causation, a plaintiff must ultimately demonstrate that the exercise of FMLA rights was a motivating factor in the adverse employment action, rather than its but-for cause. *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 169 (2d Cir. 2017).

Here, Plaintiff plausibly alleges that he suffered an adverse employment action following his exercise of FMLA-protected rights. Specifically, Plaintiff alleges that, after taking intermittent FMLA leave to care for his daughter, he received a memorandum proposing a six-month extension of his probationary period. (Am. Compl. ¶ 58.) Plaintiff further alleges that the only explanation

provided for the proposed extension was his use of "sick time," notwithstanding that he had not taken ordinary sick leave but had instead exercised his rights under the FMLA. (*Id.* ¶ 59.) Although Plaintiff did not consent to the proposed extension, he was subsequently terminated from his employment. (*Id.* ¶¶ 60, 78.)

Drawing all reasonable inferences in Plaintiff's favor, the proposed six-month extension of his probationary period could plausibly constitute an adverse employment action because it might dissuade a reasonable employee from exercising his FMLA rights. *See Millea*, 658 F.3d at 164. Moreover, the alleged explanation that the extension was based on Plaintiff's use of "sick time," coupled with the timing of the memorandum following his FMLA leave, supports a plausible inference of retaliatory intent. Although the FDNY may have had legitimate grounds for terminating Plaintiff, that determination does not necessarily resolve whether his FMLA leave was a motivating factor in the separate decision to propose extending his probation.

Accordingly, the Court finds that Plaintiff has sufficiently alleged an adverse employment action under circumstances giving rise to a plausible inference of FMLA retaliation. Defendant's motion to dismiss Plaintiff's FMLA retaliation claim pursuant to Rule 12(b)(6) is therefore denied.

## IV. <u>FLSA Retaliation</u>

### a. Collateral Estoppel

Defendant argues that Plaintiff's FLSA retaliation claim is barred by collateral estoppel because Plaintiff raised allegations concerning unpaid overtime in his Article 78 petition and the state court determined that the FDNY had a legitimate, good-faith basis for terminating his employment. Specifically, Defendant contends that Plaintiff's wage complaints formed part of his allegations of discrimination and retaliation in the prior proceeding.

However, although Plaintiff's Article 78 petition referenced unpaid overtime and his complaints about being required to report to work without compensation, Justice Moyne did not determine whether Plaintiff was retaliated against for complaining about alleged wage and hour violations. Rather, the Article 78 court concluded that the FDNY had a legitimate basis for terminating Plaintiff due to his insubordination and rejected his allegations of racial discrimination and retaliation for filing EEO complaints. (Article 78 Decision at 2-3). The court made no findings concerning whether Plaintiff's wage complaints motivated his termination.

Defendant relies on *Taylor v. City of New York Admin. for Children's Servs.*, 2021 U.S. Dist. LEXIS 60978 (S.D.N.Y. Mar. 30, 2021), in which the court held that collateral estoppel barred a subsequent retaliation claim following an Article 78 determination upholding the plaintiff's termination. However, Taylor is distinguishable. There, the plaintiff expressly alleged in both proceedings that his termination was retaliation for taking workers' compensation leave, and the Article 78 court rejected that same allegation. *Id*. Here, by contrast, the Article 78 court addressed retaliation for EEO complaints but did not determine whether Plaintiff's termination was motivated by his complaints concerning unpaid wages. The mere reference to those complaints in the prior petition does not establish that the issue of FLSA retaliation was actually and necessarily decided. *See Vargas v. City of New York*, 377 F.3d 200, 206 (2d Cir. 2004).

Accordingly, although the Article 78 court determined that the FDNY had a legitimate basis for terminating Plaintiff, it did not decide whether his wage complaints were a motivating factor in that decision. Therefore, the Court finds that the issues underlying Plaintiff's FLSA retaliation claim were not actually and necessarily decided in the Article 78 proceeding, and collateral estoppel does not bar the claim.

**b. Failure to State a Claim**

Section 215(a)(3) of the FLSA prohibits employers from retaliating against employees for engaging in activity protected by the statute. 29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliation under the FLSA, a plaintiff must demonstrate: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). Protected activity includes oral complaints made directly to an employer, provided that the complaint is sufficiently clear and detailed for a reasonable employer to understand it, in light of its content and context, as an assertion of rights protected by the FLSA and a request for their protection. *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). A plaintiff need not establish that the employer actually violated the FLSA to pursue a retaliation claim. *Marcotte v. City of Rochester*, 677 F. App'x 723, 726 (2d Cir. 2017). A causal connection between protected activity and adverse employment action may be established through allegations of retaliatory animus or temporal proximity between the protected activity and the adverse action. *Mullins*, 626 F.3d at 53. At the pleading stage, a plaintiff must allege sufficient facts to support a plausible inference of retaliation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff alleges that, on or about June 8, 2023, he complained to an FDNY EEO attorney about unpaid overtime hours he was required to work as a probationary firefighter. (Am. Compl. ¶ 51.) Plaintiff further alleges that he was subsequently terminated on September 26, 2023. (*Id.* ¶ 78.) However, even assuming that Plaintiff's complaint constituted protected activity under the FLSA, he fails to plausibly allege a causal connection between that complaint and his termination.

Specifically, Plaintiff's own allegations establish that the disciplinary process began before he complained about unpaid wages. Plaintiff alleges that he was issued a command discipline on May 31, 2023, following his failure to comply with the FDNY's mutual-shift policy, approximately one week before his June 8, 2023 complaint. (*Id.* ¶¶ 38, 41, 51.) Moreover, Plaintiff does not allege any statements or other circumstances suggesting that his termination was motivated by his wage complaints. Although Plaintiff's termination occurred after his complaint, temporal proximity alone, under these circumstances, is insufficient to support a plausible inference of retaliatory intent.

Accordingly, because Plaintiff fails to allege sufficient facts establishing a plausible causal connection between his protected activity and his termination, the Court finds that Plaintiff has failed to state a claim for FLSA retaliation. Defendant’s motion to dismiss Plaintiff's FLSA retaliation claim pursuant to Rule 12(b)(6) is therefore granted.

**CONCLUSION**

For the foregoing reasons, Defendant’s motion to dismiss the Amended Complaint is GRANTED in part and DENIED in part. Defendant’s motion is GRANTED as to Plaintiff’s claims under Section 1983, the NYSHRL, and the NYCHRL, which Plaintiff has abandoned, as well as Plaintiff’s FLSA retaliation claim. Defendant’s motion is DENIED as to Plaintiff’s FMLA retaliation claim. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: October 27, 2026
White Plains, New York



Nelson S. Román, U.S.D.J.